Dear Mr. Taylor and Mr. Branch:
You requested the opinion of this office concerning the permissible use of the funds of Washington Parish Industrial District #1 (the "District").
You advised that the District, consisting of 725 acres, was created by the Washington Parish Police Jury (the "Police Jury") on October 11, 1972, for the purpose of issuing bonds to finance the construction of improvements to the existing facilities of Crown Zellerbach in and adjoining the District, which improvements were found to benefit the economic development of the Parish and the District. Thereafter, the District issued $4,400,000 of Industrial Pollution Control Revenue Bonds (the "Bonds") to finance improvements for the benefit of Crown Zellerbach. In connection therewith and for the sum of $50,000, Crown Zellerbach conveyed 99.53 acres to the District. Concurrently, the District and Crown Zellerbach entered into a Lease Agreement which provided that upon payment in full of the Bonds, Crown Zellerbach would have the option to purchase the leased land for its original cost to the District. The Bonds have been paid and the District has re-conveyed the 99.53 acre site to Crown Zellerbach's successor for the sum of $50,000. This conveyance apparently occurred four to five years ago. It was intended that the funds were to be designated for economic development within the District; however, to paraphrase from your request "there is nothing in the District to use the funds on". The question presented is for what purpose may the funds be used.
We have reviewed the laws pertaining to industrial districts, particularly R.S. 33:130.11, R.S. 39:551.1 and R.S. 39:551.2. Industrial districts are authorized to "acquire industrial plant sites and other necessary property or appurtenances for and to acquire or construct industrial plant sites" located within the District. Industrial districts are further authorized by R.S. 39:991 "in order to encourage the location of or addition to industrial enterprises therein or adjoining thereto" to issue bonds and use the proceeds "to acquire, purchase, lease, rent, construct, or improve industrial plant sites and industrial plant buildings . . . and necessary property and appurtenances thereto".
Pursuant to this authority, the District may utilize its funds to encourage the location of or addition to industrial enterprises within the District or adjacent thereto.
As the Police Jurors also act as the governing body of the District, R.S. 39:551.2, it must be noted that while the individuals are the same, they act in two different capacities depending upon whether they are acting in their official capacity as a Police Juror or whether they are acting in their official capacity as a member of the Board of Commissioners of the District. The monies at issue are funds of the District, not of the Police Jury. In order for the Police Jury, acting as the Police Jury and not as the District, to expend these monies, it is necessary that the funds be transferred from the District to the Police Jury. A donation of the monies from the District to the Police Jury is prohibited under La. Const. Art. VII, Sec. 14(A) which provides in pertinent part as follows:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
Apparently, the District is dormant. The Police Jury could abolish the District or consolidate and merge into itself the District as provided in Sections 15 and 16 of Article VI of the Constitution, which provide in part as follows:
 "Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency."
 "Section 16(A). A local governmental subdivision may consolidate and merge into itself any special district or local public agency, except a school district, situated and having jurisdiction entirely within the boundaries of the local governmental subdivision. Upon the consolidation and merger, the local governmental subdivision shall succeed to and be vested with all of the rights, revenues, resources, jurisdiction, authority, and powers of the special district or local public agency. A consolidation and merger shall become effective only if approved by a majority of the electors voting thereon in the local governmental subdivision as a whole and by a majority of the electors voting thereon in the affected special district. . . "
See also R.S. 33:1415 which authorizes the governing authority of any parish which has created or established any board, commission, agency, district, office, government, or any unit having governmental functions, power or authority, to abolish same.
Upon dissolution or abolishment of the District, it is the opinion of this office that the remaining property or assets of the abolished entity, including cash, must be returned to the Police Jury. The Police Jury, being the creator of the District, should succeed to all the assets, funds, rights, records and other materials of the District. Op.Atty.Gen. Nos. 82-119, 89-215. With respect to the $50,000 to be received by the Police Jury upon abolishment of the District, we find no statutes which clearly provide for the disposition or use of such funds. We do feel however, that it would be equitable for the Police Jury to use such funds in a manner which would best serve and benefit the residents of the area within the abolished District. This, however, is solely discretionary with the Police Jury and not required by law. We are of the opinion that such funds, not being designated to any particular purpose, may be used for any legal purpose by the Police Jury.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv
DATE RELEASED: April 11, 2003